UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAUL GARCIA-PEREZ,

    Petitioner

v.                                          Case No.:  8:14-cv-2706-T-24TGW
                                                           8:08-cr-118-T-24TGW

UNITED STATES OF AMERICA,

    Respondent.
_____/

**O R D E R**

This cause is before the Court upon Petitioner Raul Garcia-Perez's motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (Dkt. 1).  Because review of the motion and the file and records of the case conclusively show that Garcia-Perez is not entitled to relief, the Court will not cause notice thereof to be served upon the United States Attorney but shall proceed to address the matter.  28 U.S.C. § 2255(b).

**I.**      **Background**

Petitioner was charged with and pled guilty to illegal re-entry into the United States after being convicted of an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). Petitioner's written plea agreement contained an appeal waiver clause and a factual basis for the charge to which Petitioner pled guilty.

On December 15, 2008, Petitioner was sentenced to 60 months imprisonment, to run consecutive to a sentence imposed in Hillsborough County, Florida, Circuit Court, Case Number 2007-cf-21896.  The judgment was entered against Petitioner the same day.

## II.  Discussion

Petitioner moves to vacate his 60-month sentence.  Petitioner contends that his sentence violates due process and the Eighth Amendment to the United States Constitution and that the sixty month sentence was greater than necessary under 18 U.S.C. § 3553(a).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "established a mandatory, one-year 'period of limitation' for § 2255 motions, which runs from the latest of the following events:

> (1)  the date on which the judgment of conviction becomes final;
> (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review; or
> (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

*Jones v. United States*, 304 F.3d 1035, 1037-38 (11th Cir. 2002) (citing 28 U.S.C. § 2255(f)(1)-(4)).  Petitioner appealed his conviction, challenging his sentence.  Petitioner argued that the district court failed to consider all of the factors in 18 U.S.C. § 3553(a) and that the sentence imposed was substantively unreasonable.  As to the § 3553(a) factors, the Eleventh Circuit found that the record supported a conclusion that the district court properly considered the factors.  The Eleventh Circuit also found that the district court did not abuse its discretion in imposing the 60 month sentence, which was below the applicable guideline range of 70-87 months' imprisonment.  The Eleventh Circuit affirmed the sentence imposed by this Court on August 31, 2009 and issued its mandate on September 29, 2009.  Petitioner did not file a petition for writ of certiorari.  Petitioner's conviction became final when the time expired for filing a writ of certiorari, on November 29, 2009 (ninety days from August 31, 2009).

Petitioner had one year from November 29, 2009 in which to file his § 2255 motion. Petitioner, however, did not file his motion until October 22, 2014. *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (ruling that a pro se prisoner's § 2255 motion is deemed to be filed on the date it is delivered to prison authorities for mailing which, absent evidence to the contrary, is presumed to be the date the prisoner signed it). The motion is therefore time barred unless Petitioner can show that he was prevented from filing a timely petition because of extraordinary circumstances that were both beyond his control and unavoidable even with diligence. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002).

Here, Petitioner does not even attempt to establish an arguable basis for equitable tolling of the limitation period. He does not claim actual innocence. Moreover, this Court gleans nothing from the allegations of the § 2255 motion that would arguably support equitable tolling. Instead, Petitioner attempts to re-argue the grounds of his previously denied appeal in this § 2255 motion to vacate.

As part of the plea colloquy, Petitioner confirmed under oath that he was pleading guilty because he was guilty of the charges. The representations made at a plea hearing, along with the findings made by the judge accepting the plea, constitute "a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977).

### III. Conclusion

Accordingly, Petitioner's § 2255 motion to vacate is **DENIED** as time barred. The Clerk is directed to enter judgment against Petitioner in the civil case and to close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** at Tampa, Florida, this 5th day of November, 2014.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
Pro Se Petitioner